## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSHILA GAUR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-21-2795 |
| MONTGOMERY POLICE DEPARTMENT, | * | |
| Defendant. | * | |

\*\*\*

## **MEMORANDUM OPINION**

Plaintiff Gaur filed a Complaint against the Montgomery Police Department.  ECF No. 1.  Gaur filed the Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), and was provided with an opportunity to amend her complaint as she had failed to state a claim against the Defendant.  ECF No. 6.  Gaur filed an Amended Complaint that the Court now reviews.  ECF No. 7.

In her initial Complaint, Gaur provided minimal details of her claim, stating "[m]y job, career, social structure, education and future has been adversely affected by the false case filed by the Silver Spring police, it falls under Montgomery County Police Department, against me."  ECF No. 1 at 6.  She is seeking one billion dollars in damages.  *Id.*  Gaur was advised that in amending the Complaint, she must include the names of individuals whom she claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; the facts supporting her claim; and an explanation of how her rights were violated by the alleged conduct.  ECF No. 6.

The Amended Complaint also names the Montgomery Police Department as the sole Defendant in this action.  Gaur complains that her attorneys from the Office of the Public Defender "connived with Police in the fake and fraud case."  ECF No. 7 at 6.  In an attachment to her amended complaint, Gaur lists seven items that appear to challenge the Defendant's investigation

of charges brought against her in 2019.  ECF No. 7-1 at 1.  She also notes prior "false cases" filed against her dating back to 2007, that include an arrest in 2009, and "fake tickets" on her car in 2014.  *Id.*  She attributes this to a "gang of criminals who is targeting me for a long time." *Id.*  Gaur submits a statement of Washington, D.C. unpaid parking violations and related documents. *Id.* at 2-4.

Gaur has not provided sufficient information in her Amended Complaint to state a claim against the named Defendant, or any other individual. She does not provide any facts to support her conclusory statement that the Defendant police department acted with "fraud."  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the pleadings of *pro se* litigants are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)), the Court cannot ignore a clear failure to allege facts that support a viable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Here, the Amended Complaint does not state a federal claim that may proceed forward and will be dismissed.

On the same day Gaur filed the Amended Complaint, she filed a Motion for Leave to Appeal in Forma Pauperis.  ECF No. 8.  A notice of appeal was not filed.  The motion will be denied, as inapplicable and premature.

A separate Order follows.

April 8, 2022                           ____/S/_____
Date                                                    Paul W. Grimm
                                                          United States District Judge